UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

J.I., through next friend
PERLA INTERIANO

        Plaintiff,

v.

JEFFERSON PARISH SCHOOL BOARD,
and DEFENDANT BROWN, in his individual
  capacity

        Defendants.

---

CASE NO. 2:23-cv-01532

JUDGE GREG G. GUIDRY

MAGISTRATE JUDGE JANIS
   van MEERVELD

**MEMORANDUM IN OPPOSITION TO ALEXANDER BROWN'S MOTION TO DISMISS UNDER RULE 12(b)(6) AND FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E)**

Now comes Plaintiff J.I., by and through his next friend Perla Interiano, who submits this memorandum in opposition of Defendant Alexander Brown's motion to dismiss under Rule 12(b)(6) and for a more definite statement under Rule 12(E). *First*, Defendant Brown's attack on J.I.'s standing is meritless as J.I. is the plaintiff in this action and, as is permitted by F.R.C.P. 17(c), he is adequately represented by his next friend / Tutrix. *Second*, the allegations in the Amended Complaint adequately state claims against Defendant Brown under 42 U.S.C. § 1983 and state law. *Third and finally*, there is no basis for Defendant Brown's demand for a "more definite statement." All of Defendant Brown's requested information can and should be sought through discovery.

**I.    FACTS AND PROCEDURAL HISTORY**

J.I. is autistic and has significant intellectual disabilities. According to his Individualized Education Plan, J.I. has a diagnosed impairment of "extremely low cognitive functioning: extremely low adaptive behavior functioning, mild motor deficient, and receptive-expressive pragmatic language impairment." *See* R. Doc. 15 at ¶ 6. J.I. is substantially limited in several major

1

life activities including speaking, thinking, and brain function. *Id*. at ¶ 8. Because of his young age and disability, J.I. is especially at risk of victimization. *Id*. at ¶ 7. Ms. Perla Interiano (hereinafter "Ms. Interiano") is the grandmother of J.I. and sues on J.I.'s behalf as his next friend. *Id*. at ¶ 9.

Plaintiff alleges that while J.I. would travel on the Jefferson Parish School Bus designated for children with special needs, there was an aide present who was tasked with supervising the special needs children so that the driver of the bus would not have to both drive and supervise the special needs children. *Id*. at ¶ 17. Between 2018 through 2020, Ms. Interiano learned that J.I. had been sexually assaulted on repeated occasions by this aide. *Id*. at ¶ 1. Defendant Jefferson Parish School Board (hereinafter "JPSB") is a public entity operating in Louisiana and is in charge of the operations of the Lincoln School for the Arts (the "School"). *Id*. at ¶ 10. Upon information and belief, Defendant Alexander Brown (herein after "Defendant Brown") is a natural person who is alleged to have committed sexual abuse and/or battery against J.I. *Id*. at ¶ 11.

Between 2018 and 2020, Ms. Interiano noticed that the aide would always sit in the back of the bus with J.I. *Id*. at ¶ 18. When Ms. Interiano asked J.I. why this was so, J.I. – a then nine (9) year old boy - explained to Ms. Interiano that it was so that the aide could perform sexual acts on J.I. and so that J.I could reciprocate those acts. *Id*. J.I. informed Ms. Interiano that this had occurred countless times over the course of several months. *Id*. When she learned of the abuse, Ms. Interiano took J.I. to the Children's Hospital in New Orleans to report the assault. *Id*. at ¶ 20. Ms. Interiano believes that J.I. was visited by law enforcement investigators twice – once at the school and once at his home. *Id*. at ¶ 23. Ms. Interiano does not know if Defendant Brown has been arrested or criminally charged as a result of the abuse. *Id*. at ¶ 24.

Upon information and belief, Defendant Brown was an employee of Defendant JPSB. *Id*. at ¶ 27. Upon information and belief, Defendant Brown targeted J.I. on account of his disability and

attendant vulnerability. *Id*. at ¶ 31. Defendant Brown targeted J.I. on account of disability-related limitations, including limitations in speaking, expressing himself, and in communicating. *Id*. at ¶ 32. As such, Defendant Brown treated J.I. differently on account of his disability. *Id*. at ¶ 13. Specifically, Defendant Brown, as an agent or employee of Defendant JPSB, treated J.I. differently (and considerably much worse) on account of his disability. *Id*. at ¶ 40. Specifically, Defendant Brown sexually abused and targeted J.I., in lieu of non-disabled individuals, because of his disability. *Id*. Plaintiff alleges that J.I. was subjected to "disparate treatment discrimination." *Id*. at ¶ 42.

J.I. sues Defendant Brown under 42 U.S.C. § 1983, violation of the Louisiana Human Rights Act, and negligence. Defendant Brown responded with a motion to dismiss and/or more definite statement. In his motion, Defendant Brown seeks dismissal of J.I.'s LHRA and 42 U.S.C. § 1983 claims. Defendant Brown also seeks to require J.I. to file a "more definite statement." For the reasons set forth below, Defendant Brown's motion should be denied.

**II.   LAW / ANALYSIS**

Defendant Brown attacks J.I.'s standing and claims that Ms. Interiano cannot represent J.I. as "next friend." Defendant Brown overlooks F.R.C.P. 17(c), dooming his argument. Moreover, on September 5, 2023, Ms. Interiano was very recently appointed Tutrix for J.I. by the 25th Judicial District Court for the Parish of Jefferson.[1] As such, Defendant Brown's argument is moot.

Defendant Brown attacks J.I.'s claims under the Louisiana Human Rights Act and 42 U.S.C. § 1983 as inadequately alleged. J.I. is not required to include ornate details or outline every single piece of evidence that may be presented at trial. Both of J.I.'s claims are adequately alleged.

---

[1] *See* Exhibit "A" (J.I.'s name, his date of birth, and the case number have been redacted).

Finally, Defendant Brown requests that the Court Order J.I. to allege additional facts. But Defendant Brown's request is legally baseless and should be rejected.

### A. J.I. is the Plaintiff in This Action and Perla Interiano is His Next Friend in Accordance with F.R.C.P. 17(c).

J.I. is the plaintiff in this action, and Perla Interiano is serving as his next friend. This approach is proper under Federal Rule of Civil Procedure 17(c). Moreover, since filing the original Complaint on May 5, 2023, Ms. Perla Interiano has been appointed J.I.'s Tutrix.[2] As such, Defendant Brown's professed concerns—to whatever extent they ever had merit—are now moot.

J.I. is the plaintiff in this case and Ms. Interiano is his "Next Friend." Defendant Brown complains that Ms. Interiano does not establish that she is J.I.'s Tutrix. *See* R. Doc. 24-1, pp. 2-3. But this case is not brought in State Court—it is pending in Federal Court. In Federal Court, the ability of an individual without capacity to sue is governed by F.R.C.P. 17(c).

Under F.R.C.P. 17(c), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." District courts generally exercise discretion in determining the procedures for a next friend appointment under Rule 17. *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990) (stating that the district court "may apply any procedure that meets the requirements of due process"); see also *Burress v. Blake*, No. 4:14-CV-35, 2016 WL 11475018, at *1 (E.D. Tex. Dec. 1, 2016) ("[T]he [c]ourt has discretionary authority to appoint a guardian ad litem or next friend under Rule 17(c)."); *Ingram ex rel. Ingram v. Ainsworth*, 184 F.R.D. 90, 92 (S.D. Miss. 1999) ("At its discretion, the court may consider whether there is a significant relationship between the next friend and the incompetent party and whether there is a legitimate reason why the actual party cannot bring suit.").

---

[2] *See* Exhibit "A."

4

Here, when the Complaint was filed on May 5, 2023, J.I. did not have a "duly appointed representative[.]" As such, J.I. was obligated to sue via a "next friend." J.I.'s next friend was his grandmother, who provides all care for J.I. Far from attempting to avoid "route procedural niceties," J.I. sought to—and did—comply with the requirements of the federal rules of civil procedure. Defendant Brown's request for dismissal on this ground is baseless.

Moreover, since J.I. originally filed suit, Ms. Interiano has been appointed J.I.'s Tutrix.[3] As such, to whatever extent Defendant Brown's concern had merit, said concern is now moot given that Ms. Interiano has been appointed J.I.'s Tutrix.

### B. J.I. Has Adequately Alleged Claims Under the Louisiana Human Rights Act and 42 U.S.C. § 1983.

J.I. has adequately facts that state claims under the Louisiana Human Rights Act and 42 U.S.C. § 1983. Defendant Brown's argument that J.I.'s claims are inadequately alleged is meritless.

<u>Louisiana Human Rights Act Claim</u>. Defendant Brown argues, with no citation to case law, that the allegations in the Amended Complaint are "not discrimination… but some indeterminate form of sexual abuse." *See* R. Doc. 24-1, p. 3. This argument fails because, as has previously been explained in earlier briefing, J.I. has alleged that he experienced disparate treatment because of his disability. *See* R. Doc. 22. While said argument was previously offered in response to JPSB's argument concerning J.I.'s ADA claim, it applies with equal force to Defendant Brown's argument because the Fifth Circuit has explained that the ADA and LHRA are largely coextensive. *Smith v. France*, 850 F. App'x 243 (5th Cir. 2021).

A disparate-treatment claim is "the most easily understood type of discrimination," *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) which arises where a plaintiff

---

[3] *See* Exhibit "A."

alleges that he is treated individuals less favorably than others on account of his protected class. *Raytheon*, 540 U.S. at 52 (citing *Int'l Brotherhood*, 431 U.S. at 335 n.15). In a disparate treatment case, the central inquiry is whether the conduct towards the plaintiff was "motivated by" the plaintiff's disability. *S.B. on behalf of S.B. v. Jefferson Par. Sch. Bd.*, No. 22-30139, 2023 WL 3723625, at *3 (5th Cir. May 30, 2023)

J.I. alleges that he has a diagnosed impairment of "extremely low cognitive functioning: extremely low adaptive behavior functioning, mild motor deficient, and receptive-expressive pragmatic language impairment." J.I. alleges, upon information and belief, that Defendant Brown "targeted and preyed upon J.I. on account of his disability." R. Doc. 15 at ¶ 13. J.I. alleges that Defendant Brown targeted him on account of disability-related limitations, including limitations in speaking, expressing himself, and in communicating. *Id*. at ¶ 32. Thus, it is J.I.'s allegation that Defendant Brown treated J.I. differently on account of his disability. *Id*. at ¶ 13.

From J.I.'s allegations, a reasonable inference is that Defendant Brown's conduct towards J.I. was "motivated by" his disability. *S.B. on behalf of S.B.*, 2023 WL 3723625, at *3. J.I.'s disability and attendant speech/cognitive impairments are part and parcel with the ease by which Defendant Brown is alleged to have been able "get away with" abusing J.I. for such an extended period of time. "Persons with disabilities are particularly vulnerable to abuse and victimization due to their physical, intellectual, and emotional challenges and, in some cases, their dependence on others for basic needs."[4] As J.I. alleges in the Amended Complaint, "Defendant Brown, as an agent or employee of Defendant JPSB, treated J.I. differently (and considerably much worse) on

---

[4] U.S. Department of Justice, The Office for Victims of Crime, https://ovc.ojp.gov/sites/g/files/xyckuh226/files/pubs/victimswithdisabilities/stateguide/risk-factors.html (last accessed July 21, 2023).

account of his disability. Specifically, Defendant Brown sexually abused and targeted J.I., in lieu of non-disabled individuals, because of his disability." R. Doc. 15 at ¶ 40.

Ultimately, discovery is necessary to determine whether J.I.'s allegations—that he was targeted and abused because of his disability and attendant limitations—are accurate. Discovery may reveal that Defendant Brown targeted students indiscriminately and that J.I.'s disability was not part of Defendant Brown's consideration. If so, Defendant Brown would be free to file a motion for summary judgment as to J.I.'s LHRA claim. At this preliminary juncture, however, Plaintiff has adequately alleged facts that state a claim under the LHRA.

42 U.S.C. § 1983 Claim. J.I. adequately alleges facts that state a claim under 42 U.S.C. § 1983. It is well established that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," and "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action…" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Rule 8(a)(2) ... generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Further, a complaint is not deficient merely because it does not cite all evidence that might be relevant to the dispute. *Falls v. Hous. Auth. of Jefferson Par.*, No. CV 15-6501, 2016 WL 1366389, at *7 (E.D. La. Apr. 6, 2016) ("While defendants may complain that Falls' complaint does not contain certain facts which are relevant to the reasonableness determination, a complaint is not deficient simply for failing to cite all evidence relevant to the dispute.").

In a case involving sexual abuse of a public school child by her teacher, the Fifth Circuit clearly held that "[t]he right to be free of state-occasioned damage to a person's bodily integrity is

7

protected by the fourteenth amendment guarantee of due process." *Doe v. Taylor Independent School District*, 15 F.3d 443, 450–51 (5th Cir.1994)(en banc)(quoting *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981)).

Here, J.I. has alleged facts from which this Court can plausibly infer that Defendant Brown violated J.I.'s bodily integrity in violation of the fourteenth amendment guarantee of due process. J.I. has set forth what allegedly occurred (J.I. was sexually abused by Defendant Brown), where it occurred (on the bus), the approximate time frame it occurred (2018 through 2020), the offender (Defendant Brown), and details concerning the duration of the abuse ("countless times over the course of several months"). J.I. has alleged what his family did next, and how law enforcement responded. J.I. has alleged facts concerning the employment status of Defendant Brown, specifically, that he was an employee of the JPSB.

Based on these allegations, the Court can plausibly infer that, between 2018 and 2020, Defendant Brown was an employee of a government agency, the JPSB, and he allegedly committed sexual abuse against J.I. on the bus. The above factual narrative is a plausible ground for relief and is not mere labels, such as "fraud," "conspiracy," or "negligence." J.I. has adequately stated a claim.

In its memorandum, Defendant Brown argues that J.I.'s Complaint is deficient because it does not detail "the dates on which [the abuse] supposedly took place[.]" *See* R. Doc. 24-1, p. 5. But a plaintiff is not obligated to includes "detailed factual allegations." *Twombly*, 550 U.S. at 555. Moreover, it would be wholly unreasonable to expect a nine-year-old minor with autism to remember the specific dates on which he was sexually abused.

Defendant Brown complains that J.I. doesn't allege "what proof of the abuse may in in plaintiff's possession[.]" But a party is not obligated to outline and detail all evidence and

8

documents relevant to the dispute in the complaint. That is the purpose of discovery and initial disclosures. Likewise, Defendant Brown complains that the hospital records are not discussed in the Amended Complaint. But, as previously stated, "a complaint is not deficient simply for failing to cite all evidence relevant to the dispute." *Falls*, 2016 WL 1366389, at *7.

Defendant Brown cites no cases where the Fifth Circuit has imposed the extremely heightened pleading requirement on that he demands. Defendant Brown cites no cases where a court has dismissed a sexual abuse case merely because the minor victim only alleged a time frame, but did not know the particular dates he was abused. Defendant Brown cites no cases suggesting that the instant facts are insufficiently alleged.

    C.    <u>Defendant Brown's Request for a "More Definite Statement" is Meritless.</u>

Defendant Brown also requests that the Court issue an Order requiring J.I. to file an amended complaint with more details. Defendant Brown's request for a "more definite statement" is meritless.

Given that Rule 8 only requires a short and plain statement of claims, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F.Supp.2d 680, 707 (S.D.Tex.2011). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. See *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). The touchstone is whether the complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. Fed.R.Civ.P. 12(e). "A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, C.A. No. 90-1468, 1991 Westlaw 13918 (E.D.La.1/28/1991), *affirmed*, 993 F.2d 1543 (5th Cir.1993)(citing, Mitchell, supra); see also,

*Wilmington Trust Company v. Stone Lumber Company*, C.A. No. 96-1499 1996 Westlaw 700752 (E.D.La.12/4/1996)(motion for more definite statement denied where plaintiff may later receive more specific facts through discovery); *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. July 10, 2006) (denying motion for more definite statement where the defendant demanded "the time, place and circumstances of the specific acts alleged against movants").

J.I.'s claim is not "unintelligible" or so "vague or ambiguous" that Defendant Brown cannot reasonably prepare a response. If Defendant Brown contends that he did not abuse J.I., then Defendant Brown can file an Answer denying the allegations. Certainly, Defendant Brown can go through the Amended Complaint with his attorney, paragraph by paragraph, and advise whether he admits or denies each of the paragraphs in the Amended Complaint.

This is the prototypical case where the moving party can reasonably respond to the non-movant's pleading but wants the plaintiff to plead additional information that could otherwise be later gained through discovery. Defendant Brown's demand for hyper-particular fact pleading in the Amended Complaint is meritless. Defendant Brown's request for a more definite statement should be denied.

### III.  CONCLUSION

For the reasons set forth above, Defendant Brown's motion to dismiss and/or for more definite statement should be denied in all respects.

**[Signature Block on Following Page]**

Respectfully Submitted,

/s/ Garret S. DeReus

**BIZER & DEREUS, LLC**
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Annika K. Mengisen (LA # 35524)
annika@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on October 20, 2023, by ECF filing.

By: /s/ Garret S. DeReus
       Garret S. DeReus