UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J.I., through next friend<br>PERLA INTERIANO | CIVIL ACTION |
| VERSUS | NO: 2:23-cv-1532 |
| JEFFERSON PARISH SCHOOL<br>BOARD and ALEXANDER BROWN, in<br>his individual capacity | SECTION: T (1) |

## ORDER

Before the Court is Defendants' Jefferson Parish School Board ("JPSB") and Alexander Brown's (collectively, "Defendants") Motion to Disqualify Plaintiff Perla Interiano's ("Plaintiff") Expert Witness Anne Troy, Ph.D., ("Troy") from presenting expert testimony at trial. R. Doc. 49. Plaintiff, as the next friend of her minor grandson, J.I., opposes the Motion, R. Doc. 59, and Defendants have filed a reply memorandum, R. Doc. 61. For the following reasons, as well as the applicable law and facts, the Court **DENIES** Defendants' Motion.

## BACKGROUND

This case concerns the alleged sexual assault of a then seven-year-old autistic boy by Brown in his capacity as a school bus monitor for JPSB. R. Doc. 15 at 2–4. Plaintiff alleges Brown sexually assaulted J.I. "countless" times between 2018 and 2020. *Id.* at 4. Plaintiff filed suit against Brown under 42 U.S.C. § 1983, alleging Brown, acting under color of law, deprived J.I. of his substantive due process rights by sexually assaulting him. *Id.* at 11–12. Plaintiff asserts JPSB is vicariously liable for Brown's actions under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, alleging

1

Brown subjected J.I. to disparate treatment discrimination by targeting J.I. as the victim of his sexual abuse, rather than other children on the school bus he was supposed to monitor, because J.I. is disabled. *Id*. at 6–9. Finally, Plaintiff raises state law claims against both Brown and JPSB, alleging Brown's sexual assault of J.I. violated the Louisiana Commission on Human Rights Act ("LCHRA"), La. R.S. § 51:2231, *et seq*., by "denying [J.I.] the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered to non-disabled participa[nts]" because of his disability, as well as asserting a general claim for direct and supervisory negligence under Louisiana Civil Code article 2315. *Id*. at 9–11.

The Court previously denied both Defendants' motions to dismiss for failure to state a claim for which relief can be granted. R. Doc. 34; *see also* Fed. R. Civ. P. 12(b)(6). Defendants now move to exclude Plaintiff's non-retained expert Troy from presenting testimony at trial as J.I.'s treating medical practitioner. R. Doc. 49. Pursuant to the analytical framework laid out by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants argue Troy's proposed testimony is neither reliable nor helpful to a jury to constitute admissible expert testimony under Federal Rule of Evidence 702.

## LAW & ANALYSIS

1. **Legal Standard**

Rule 702 allows qualified expert witnesses to offer opinion-based testimony provided that: "(a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the

2

expert's opinion reflects a reliable application of the principles and methods to the facts of the case." As the Supreme Court has explained, this rule "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. In this "gatekeeping" role, a federal district court must "make certain that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the testimony bears the burden of establishing "by a preponderance of the evidence that the testimony is reliable." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998), cert. denied, 526 U.S. 1064 (1999)

There are two parts to the *Daubert* standard. 509 U.S. at 588. First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation. *Id.* at 590. Next, the court must determine whether the testimony will assist the trier of fact in understanding the evidence. *Id.* at 591. Put simply, the expert testimony must be (1) reliable and (2) helpful. *See, e.g., Coleman v. BP Expl. & Prod., Inc.*, 609 F. Supp. 3d 485, 492 (E.D. La. 2022), *reconsideration denied sub nom. Dawkins v. BP Expl. & Prod., Inc.*, No. CV 17-3533, 2022 WL 4355818 (E.D. La. Sept. 20, 2022), *appeal dismissed sub nom. Grant v. BP Expl. & Prod., Inc.,* No. 22-30674, 2023 WL 3434056 (5th Cir. Mar. 9, 2023).

2. **Troy's Proposed Testimony Is Reliable Under *Daubert***

Defendants argue that Troy's proposed expert testimony is neither reliable nor helpful

under *Daubert*. First, Defendants contend Troy is unreliable and assert her conclusion is based on an incomplete methodology. R. Doc. 49 at 8. Testimony that "the child gave me a history consistent with the way a seven year old would describe sexual abuse" is unreliable because Troy (a) refused to consider the totality of the evidence and (b) relied on "soft science" which is allegedly disfavored. *Id.* at 10, 12–13. Alternatively, Defendants assert Troy did not reliably apply correct methods and principles because Troy's interview with J.I. was unduly suggestive. *Id.* at p 18–20. Troy allegedly (a) ignored J.I.'s contradiction that a "big black boy," not a man, fondled him and (b) improperly suggested to J.I. there was abuse by starting her interview with "something bad happened." *Id.*

Plaintiff counters that Troy has often qualified as an expert in other child sexual abuse cases. R. Doc. 59 at 10. Therefore, her testimony is reliable and helpful. Troy's testimony is allegedly reliable because it is standard practice for a medical professional with specialized knowledge to offer expert testimony. *Id.* at 7. Plaintiff further alleges forensic child sexual abuse interviews are reliable because they use a refined methodology and objective factors to assess whether the child's behavior is consistent with sexual abuse. *Id.* It is further contended Troy used these reliable and standard protocols when she adjusted the interview for J.I.'s development level. *Id.* at 11. Plaintiff also argues Defendants cite no legal authority that Troy's questions, including letting a disabled child know he can tell the truth, are unreliable. *Id.* at 17.

To determine whether testimony is reliable, the court must examine the expert's methodology or experience. *Tisdale v. Marquette Transportation Co.*, LLC, No. CV 22-00237, 2024 WL 2033933, at *2 (E.D. La. May 7, 2024). Several factors which may be considered in

determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Hebbler v. Turner*, No. CIV.A. 03-388, 2004 WL 414821, at *2 (E.D. La. Mar. 3, 2004) (citing *Daubert*, 505. U.S. at 593-94). However, "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). District courts have "'considerable leeway' in determining 'how to test an expert's reliability.'" *Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006). "Testimony that is not scientific in nature is better judged by examining whether the expert has sufficient personal knowledge, work experience, or training to support the opinions offered." *Redding Linden Burr, Inc. v. King*, 2009 WL 277531, at *2 (S.D. Tex. Feb. 4, 2009) (citing Fed. R. Evid 702 and *Kumho Tire. Co*, 526 U.S. at 150–51 (1999)).

The Court finds Troy is a qualified expert under *Daubert.* Plaintiff pleads enough evidence that Troy's forensic child sexual abuse assessment is reliable and was faithfully applied during her interview with J.I.

Troy has unquestioned medical qualifications, practical knowledge, and work experience to support her findings.[1] Troy's testimony stems from her forensic child sexual abuse assessment

---

[1] Troy holds multiple master's degrees and a P.h.D. She has worked in nursing and child abuse for over 45 years. She also teaches at LSU and Tulane on forensic child sexual abuse assessments and sex abuse care. R. Doc. 59 at 2.

of J.I. at the Hepburn CARE Center ("the Hepburn Center"), a division within Children's Hospital in New Orleans. R. Doc. 59 at 3. Because J.I. is intellectually disabled, Troy allegedly used standard age-dependent questions and diagrams in an interview to establish J.I. knew the difference between a truth and a lie and subsequently promised to tell the truth. *Id.* at p 4.

Plaintiff provides sufficient evidence that forensic child sexual abuse assessments at the Hepburn Center follow standard practices including: interviewing children separate from parents or relatives, preventing any non-offending party from dictating why a child is being examined, conducting physical examinations, and collecting medical histories. *See* R. Doc. 59 Exhibit 3 at 9:21–10:12. Defendants do not dispute that Troy has performed thousands of similar forensic child sexual abuse assessments nor cite any legal authority within the Fifth Circuit that interviewing a child after an alleged sexual abuse is unreliable. *Id.* at p 3, 13. There is also no *Daubert* issue with Troy basing conclusions on interviews because "sources on which an expert may reasonably rely is 'virtually infinite.'" *See, e.g., Rushing v. Yeargain*, No. CV 19-653-JWD-SDJ, 2022 WL 4545612, at *10 (M.D. La. June 10, 2022). So long as testimony is "based on the expert's professional training and knowledge," an expert can render an "opinion within his or her area of expertise." *Id.* Precisely because child sexual abuse assessments are a "soft science," Troy's "professional experience, education, [and] training" speak volumes to admitting her as an expert. *See United States v. Simmons,* 470 F.3d 1115, 1123 (5th Cir. 2006) (quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1297 (8th Cir. 1997)).

Defendants' allegations that Troy did not follow her methodology are rather attacks on the weight of the evidence. Defendants do not allege Troy failed to comply with a specific Hepburn

6

Center procedure but rather assert Troy should have conducted her interview in a different way. *See* R. Doc. 49 at 10; 19–20. Defendants are free to question her opinions and methods at trial. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). Likewise, arguments that Troy is biased go to the weight of the testimony and are for the jury to assess. *See, e.g., Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 167 (E.D. La. 2011).

Given Troy's qualifications, personal knowledge, and the Hepburn Center's procedures and safeguards, Troy's testimony regarding J.I.'s 2018 forensic child sexual abuse assessment is sufficiently reliable under *Daubert*.

### 3. Troy's Specialized Knowledge Is Helpful to a Jury

Defendants argue Troy's testimony is not helpful to a jury because she improperly "vouches for credibility." R. Doc. 49 at 9. Defendants view this case as "all about credibility," which a jury can "easily determine without the need of an expert." *Id.* at 10. Admitting Troy's testimony will allegedly give an unfair impression that J.I. was sexually assaulted by Brown. *See id.* at 17–18.

Plaintiff contends Troy's forensic medical assessment and expertise in child sex abuse is helpful to a jury. Because jurors typically "do not conduct child sexual abuse medical assessments" they do not know the rigorous protocols, safeguards, and procedures in such examinations. R. Doc. 59 at 9. Therefore, Troy's testimony is allegedly helpful to explain "child behavior following

sexual abuse, [] the concept of 'delayed disclosure'" and "narrative appropriate" language, all areas that are not common knowledge. *Id.* at 9, 13.

For helpfulness, the court must determine whether the expert's reasoning or methodology will assist the trier of fact to understand the evidence—in other words, whether it is relevant. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. CV 13-0366, 2016 WL 3180777, at *5 (E.D. La. June 7, 2016) (citing *Daubert,* 509 U.S. at 591). An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003). However, courts should use caution because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of challenging an expert's testimony. *Daubert*, 509 U.S. at 596. "These conventional devices, rather than wholesale exclusion ... are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702." *Id.*

The Court finds Troy's specialized knowledge in forensic child sexual abuse assessments will be helpful to a jury. Troy's testimony is beyond mere credibility or common-sense subjects. This district previously rejected the argument that "consistent with sexual abuse" testimony is only about credibility. In *Galan v. Hooper*, No. CV 22-3420, 2023 WL 6629843, at *12 (E.D. La. July 25, 2023), Judge North denied a challenge to Troy's testimony. *report and recommendation adopted*, No. CV 22-3420, 2023 WL 6621072 (E.D. La. Oct. 11, 2023). Judge North accepted Troy as an "expert in the field of delayed disclosure." *Id.* The court stated Troy's expert testimony that her findings were "consistent with sexual abuse [] d[oes] not offer an opinion on the victim's

credibility." *Id.* Rather it is "squarely within the scope of her expertise." *Id.*

Other judges in this district have used Troy's expert testimony in child sexual abuse cases. *See Eaglin v. Louisiana*, No. CV 19-9659, 2020 WL 475770, at *9 (E.D. La. Jan. 7, 2020) (noting Troy "testified as an expert in the field of child sexual abuse" and relying, in part, on this evidence to deny a prisoner's habeas petition), *report and recommendation adopted*, No. CV 19-9659, 2020 WL 474923 (E.D. La. Jan. 29, 2020); *Raye v. Vannoy*, No. CV 21-354, 2022 WL 671907, at *7 (E.D. La. Mar. 7, 2022) (relying in part on Troy's similar child sexual abuse assessment when finding sufficient evidence to deny a prisoner's habeas petition), *certificate of appealability denied sub nom*. *Raye v. Hooper*, No. 22-30140, 2022 WL 19236730 (5th Cir. Oct. 4, 2022); *Fontenelle v. Narcisse*, No. CV 21-388, 2021 WL 5418125, at *16 (E.D. La. Sept. 28, 2021) (relying in part on Troy's testimony that "she did not see any signs of coaching" during a similar child sexual abuse assessment to deny a prisoner's habeas petition), *report and recommendation adopted* No. CV 21-388, 2021 WL 5415844 (E.D. La. Nov. 19, 2021).

Like in *Galan*, Troy's testimony is squarely within her forensic child sexual abuse expertise and beyond a lay juror's knowledge. 2023 WL 6629843 at *12. It is not ordinary for people to determine how intellectually challenged seven-year-olds use age-appropriate narratives, what "delayed disclosure" is, or how child sexual abuse assessments are conducted. Testimony about "how [Troy] conducts interviews, identifie[s] the objective factors that inform her assessments, and share[s] her assessment of the victim's interview" goes beyond mere credibility and "has been found admissible." *Farrier v. Vannoy*, No. CV 17-7955, 2018 WL 6682835, at *11 (E.D. La. May 25, 2018), *report and recommendation adopted*, No. CV 17-7955, 2018 WL 6651253 (E.D. La.

Dec. 19, 2018). Like *Farrier*, there is therefore "no cause to challenge [her] testimony under *Daubert*." *Id.* (cleaned up).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Disqualify Plaintiff's Expert Dr. Anne Troy as an Expert Witness, (R. Doc. 49), is **DENIED**.

New Orleans, Louisiana, this 1st day of October 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE